| STATE OF NORTH CAROLINA **FILED** | FILE No: | |
|---|---|---|
| COLUMBUS County 2014 OCT 24 PM 4:04 CCLUMBUS CO., C.S.C. BY _____ | ☐ District | In The General Court Of Justice ☒ Superior Court Division |

**Name Of Plaintiff**
ALAN BRUCE TROY, Administrator of the ESTATE OF DARLENE MAYBANKS TROY

**Address**

**City, State, Zip**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

SARAH PATTON TOWNE, DO, ERIN D. WILLIAMSON, FNP, and CAROL A. FLAUGHER, WHNPC

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant | Name And Address Of Defendant 2 |
|---|---|
| Erin D. Williamson, FNP New Hanover Community Health Center 925 N 4th Street Wilmington, NC 28401 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Roger L. Young The Young Law Firm, PC 1015 Ashes Drive, Suite 201 Wilmington, NC 28405 | 10-24-14 | 4:04 | ☐ AM ☒ PM |
| | Signature Jennifer Smith ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |
| ☐ **ENDORSEMENT** This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
| | Signature ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev 10/01
© 2001 Administrative Office of the Courts
(Over)

# RETURN OF SERVICE

Certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

© 2001 Administrative Office of the Courts

14 CV 001525

**STATE OF NORTH CAROLINA**
**COLUMBUS County**

FILED
2014 OCT 24 PM 4:03
COLUMBUS CO., C.S.C.
BY _____

File No: _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
ALAN BRUCE TROY, Administrator of the ESTATE OF DARLENE MAYBANKS TROY

Address

City, State, Zip

**VERSUS**

SARAH PATTON TOWNE, DO, ERIN D. WILLIAMSON, FNP, and CAROL A. FLAUGHER, WHNPC

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

Name And Address Of Defendant
Carol A. Flaugher, WHNPC
New Hanover Community Health Center
925 N 4th Street
Wilmington, NC 28401

Name And Address Of Defendant 2

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiffs attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiffs last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
Roger L. Young
The Young Law Firm, PC
1015 Ashes Drive, Suite 201
Wilmington, NC 28405

Date Issued: 10-24-14
Time: 4:03 ☒ PM
Signature: Jennifer Smith
☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement
Signature
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts
(Over)

# RETURN OF SERVICE

Certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

© 2001 Administrative Office of the Courts

**FILED**

NORTH CAROLINA      2014 OCT 24  PM 4: 04   IN THE GENERAL COURT OF JUSTICE
                                            SUPERIOR COURT DIVISION
COLUMBUS COUNTY   COLUMBUS CO., C.S.C.      FILE NO.: 14-CVS-_____

ALAN BRUCE TROY, Administrator of
the Estate of DARLENE MAYBANKS
TROY

             Plaintiff,                    **COMPLAINT**
                                           **(MEDICAL NEGLIGENCE)**
vs.

SARAH PATTON TOWNE, DO,
ERIN D. WILLIAMSON, FNP;
and CAROL A. FLAUGHER, WHNPC

             Defendants.

---

    **COMES NOW**, the Plaintiff, first demanding a trial by jury, complaining of the Defendants and says:

1. Darlene Maybanks Troy (sometimes referred to herein as Decedent) died on January 29, 2013 at New Hanover Regional Medical Center as a result of a thyroid storm or thyrotoxicosis.

2. At the time of her death, Darlene Maybanks Troy was a citizen and resident of Columbus County, was 52 years of age and was survived her husband, Alan Bruce Troy.

3. The Plaintiff, Alan Bruce Troy is a citizen and resident of Columbus County, North Carolina.

4. The Plaintiff, Alan Bruce Troy, has been duly appointed as the Administrator of the Estate of Darlene Maybanks Troy by the Clerk of Superior Court in and for Columbus County, North Carolina.

5. The Plaintiff is informed and believes and therefore alleges that the Defendant, Sarah Patton Towne, DO, individually and as the actual or apparent agent of New Hanover Community Health Center (hereinafter referred to as Defendant Towne) was a citizen and resident of Brunswick County, North Carolina in December 2012.

6. Defendant Towne is a health care provider as defined by N.C.G.S. Section 90-21.11.

7. A healthcare provider-patient relationship existed between Darlene Maybanks Troy and Defendant Towne in December, 2012.

8. In December of 2012 and January of 2013, Defendant Towne practiced as a specialist in the field of Family Practice.

9. The Plaintiff is informed and believes and therefore alleges that Defendant, Erin D. Williamson, FNP, individually and/or as the actual or apparent agent of New Hanover Community Health Center (hereinafter referred to as Defendant Williamson or Williamson) was a citizen and resident of New Hanover County, North Carolina in 2012.

10. Defendant Williamson is a health care provider as defined by N.C.G.S. Section 90-21.11.

11. A healthcare provider-patient relationship existed between Darlene Maybanks Troy and Defendant Williamson in 2012 and 2013.

12. In 2012 and 2013, Defendant Williamson practiced as a Family Nurse Practitioner.

13. The Plaintiff is informed and believes and therefore alleges that Defendant, Carol A. Flaugher, WHNPC, individually and/or as the actual or apparent agent of New Hanover Community Health Center (hereinafter referred to as Defendant Flaugher or Flaugher) was a citizen and resident of New Hanover County, North Carolina in 2012.

14. Defendant Flaugher is a health care provider as defined by N.C.G.S. Section 90-21.11.

15. A healthcare provider-patient relationship existed between Darlene Maybanks Troy and Defendant Flaugher in 2012 and 2013.

16. In 2012 and 2013, Defendant Flaugher practiced as a Women's Health Nurse Practitioner.

17. Plaintiff challenges the constitutionality of Rule 9(j) under the pertinent provisions of the United States Constitution and the Constitution of North Carolina. Without waiving the right to pursue a determination of the unconstitutionality of the rule, Plaintiff alleges that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by one or more persons who are reasonably expected to qualify as expert witnesses under Rule 702 of the Rules of Evidence and who are willing to testify that the medical care did not comply with the applicable standard of care. In addition, should a court later determine that any of the persons who have reviewed the medical care of the Defendants does not meet the requirement of Rule 702(b) or 702(c) of the North Carolina Rules of Evidence, then the Plaintiff will seek to have such persons qualified as expert witnesses by motion under Rule 702(e) of the North Carolina Rules of Evidence, and Plaintiff moves the Court (as provided in Rule 9(j) of the North Carolina Rules of Civil Procedure, and Rule 702(e) that such persons be qualified as expert witnesses under Rule 702(e) of the North Carolina Rules of Evidence.

18. Plaintiff objects to N.C.G.S. § 90-21.19 ("the cap on noneconomic damages") as unconstitutional. The cap on noneconomic damages denies medical malpractice plaintiffs, including plaintiff in this action, the right to a jury trial, due process of law, equal protection under the law, and the right to open courts, violates the separation of powers, and confers an exclusive emolument on health care providers, in violation of the United States and North Carolina constitutions. The cap on noneconomic damages violates the Seventh and Fourteenth Amendments of the United States Constitution and Article I, sections 6, 18, 19, 25 and 32 and Article IV, sections 1 and 13 of the North Carolina Constitution.

19. Darlene Maybanks Troy, aka/Darlene R. Troy, ("Decedent") was a patient of the New Hanover Community Health Center in October, November and December of 2012 and January 2013.

20. During the course of her care at New Hanover Community Health Center, Mrs. Troy was diagnosed with hyperthyroidism on the basis of clinical signs and symptoms and laboratory studies.

21. Health care providers at New Hanover Community Health Center failed to provide timely and appropriate medical therapy for the hyperthyroidism and failed to obtain a referral to an Endocrinologist and/or a Surgeon in a timely manner to perform a corrective ablation or surgical resection of the diseased thyroid tissue.

22. On October 10, 2012, the Decedent presented to the Center with a chief complaint of bilateral foot pain. She was seen by Erin D. Williamson, FNP, who noted a fine, rapid tremor of both hands. Williamson prescribed ibuprofen 800 MG for the foot pain and ordered the following lab studies: CBC, CMP, Lipid Panel, and Thyroid Stimulating Hormone. Decedent's blood pressure was noted to be 120/70. Williamson directed Decedent to obtain a complete physical examination at the next available appointment with Carol Flaugher, WHNP, to return to the Center for a flu shot the following week, and to schedule a follow-up visit in 3 months. Williamson also commented that she would "consider Propranolol for tremor next visit."

23. On October 18, 2012, the Decedent presented to the Center for a flu shot, which was administered by Darcie M. McHugh, RN. According to the note for that date, no other services were provided.

24. On October 31, 2012, the Decedent presented to Carol Flaugher, WHNP for an annual medical examination. Decedent reported that she was feeling poorly. Flaugher noted that Decedent's "recent labs indicate hyperthyroidism, patient symptomatic with sleeplessness, exothalmia, night hunger." Decedent's blood pressure was 140/80. Flaugher's plan included the following: thyroid ultrasound with charitable care and to return to the Center to keep her January 2013 appointment with her primary care provider.

25. A thyroid ultrasound was performed on November 21, 2012. The ultrasound indicated a

diffusely enlarged heterogeneous thyroid gland with two solid nodules in the right thyroid gland with the larger nodule measuring 1.7 cm and the smaller nodule measuring 1.1 cm.

26. It appears that Williamson reviewed the ultrasound report on November 29, 2012, based upon a handwritten entry on the ultrasound report which said: "U/S shows two thyroid nodules. Order Iodine Uptake Scan to evaluate nodules and inform patient." There is no corresponding dictated note.

27. A total body iodine uptake scan was completed on December 6, 2012, which was read as normal.

28. In a handwritten note on the report of the total body iodine uptake scan, Williamson noted as follows on December 11, 2012: "Discussed with patient in office and start Methimazole, 5 MG BID. Recheck labs at appointment in two weeks." There is no dictated office note corresponding to an office visit by Decedent on December 11, 2012.

29. Decedent presented to the Center on December 17, 2012, and was seen by Defendant Towne, and Erin D. Williamson, FNP. At that time, Decedent's "Active Problem" was noted to be hyperthyroidism without goiter and lumbago. Decedent's chief complaint was "Medication Reaction."

30. On December 17, 2012, Decedent reported that she was unable to tolerate the methimazole prescribed by Williamson and that she was not taking Propranolol.

31. Defendant Towne noted that recent labs indicated hyperthyroidism and that Decedent was symptomatic with sleeplessness, exothalmia, and night hunger.

32. Defendant Towne also documented that Decedent was feeling weak and dehydrated, and that she was experiencing temperature intolerance and hair loss. Decedent's blood pressure was documented as 170/90.

33. Defendant Towne noted that Decedent needed an endocrine referral for ablation or a referral to the surgery clinic for a thyroidectomy on an expedited basis. Her instructions were for the referral to be accomplished as soon as possible.

34. Defendant Towne prescribed propranolol ER 80 MG, but did not re-prescribe methimazole or an available substitute drug to address Decedent's hyperthyroidism.

35. On January 9, 2013, an endocrinology appointment was scheduled for Decedent for February 14, 2013.

36. On January 28, 2013, Decedent presented to the Emergency Department of New Hanover Regional Medical Center, where she was diagnosed with thyrotoxicosis and died on January 29, 2013 of complications related to the diagnosis.

37. The Plaintiff is informed and believes and therefore alleges that Defendant Towne was negligent in that she:

   a. Failed to provide care to Darlene Maybanks Troy in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in Wilmington, North Carolina or similar communities in 2012;

   b. Failed to exercise reasonable care and diligence in the application of her knowledge and skill for the care of Darlene Maybanks Troy;

   c. Failed to use her best judgment in the treatment and care of Darlene Maybanks Troy;

   d. Failed to prescribe appropriate, indicated and necessary medications on December 17, 2012;

   e. Failed to insure that Darlene Maybanks Troy was referred to an endocrinologist or surgeon in a timely manner;

   f. Failed to take adequate steps to insure that Darlene Maybanks Troy had an appointment to be examined by an endocrinologist or surgeon within a matter of a several days from December 17, 2012;

   g. Failed to respond to Darlene Maybanks Troy's presentation on December 17, 2012, with sufficient urgency and diligence to prevent her death;

   h. Failed in other ways that will be revealed during the course of discovery and proven at trial.

38. The Plaintiff is informed and believes and therefore alleges that Defendant Williamson was negligent in that she:

   a. Failed to provide care to Darlene Maybanks Troy in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in Wilmington, North Carolina or similar communities in 2012;

   b. Failed to exercise reasonable care and diligence in the application of her knowledge and skill for the care of Darlene Maybanks Troy;

   c. Failed to use her best judgment in the treatment and care of Darlene Maybanks Troy;

   d. Failed to initiate medical therapy in response to Darlene Maybanks Troy's clinical

and laboratory diagnosis of hyperthyroidism in a timely manner;

    e. Failed to prescribe appropriate, indicated and necessary medications on December 17, 2012;

    f. Failed to insure that Darlene Maybanks Troy was referred to an endocrinologist or a surgeon in a timely manner;

    g. Failed to take adequate steps to insure that Darlene Maybanks Troy had an appointment to be examined by an endocrinologist or surgeon within a matter of a several days from December 17, 2012;

    h. Failed to respond to Darlene Maybanks Troy's presentation on December 17, 2012 with sufficient urgency and diligence to prevent her death;

    i. Failed in other ways that will be revealed during the course of discovery and proven at trial.

39. The Plaintiff is informed and believes and therefore alleges that Defendant Flaugher was negligent in that she:

    a. Failed to provide care to Darlene Maybanks Troy in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in Wilmington, North Carolina or similar communities in 2012;

    b. Failed to exercise reasonable care and diligence in the application of her knowledge and skill for the care of Darlene Maybanks Troy;

    c. Failed to use her best judgment in the treatment and care of Darlene Maybanks Troy;

    d. Failed to prescribe appropriate, indicated and necessary medications on October 31, 2012;

    e. Failed to insure that Darlene Maybanks Troy was referred to an endocrinologist or surgeon for an evaluation of her thyroid condition in a timely manner;

    f. Failed to respond to Darlene Maybanks Troy's presentation on October 31, 2012 with sufficient urgency and diligence to prevent her death;

    g. Failed in other ways that will be revealed during the course of discovery and proven at trial.

40. The Plaintiff is informed and believes and therefore alleges that the negligence of

Defendants Towne, Williamson, and Flaugher were a proximate cause of Darlene Maybanks Troy's premorbid pain and suffering and her ultimate death.

41. Mrs. Troy's injury and death caused her and her estate to suffer damages.

42. Defendant is liable for damages suffered by Mrs. Troy and her estate that directly and proximately flowed from the actions for which defendant is liable.

43. Because of defendant's liability for Mrs. Troy's wrongful death, plaintiff, as administrator of her estate, has been damaged and is entitled to recover damages from defendant pursuant to N.C. Gen. Stat. § 28A-18-2.

44. The damages to which plaintiff is entitled include, but are not limited to, compensation for Mrs. Troy's pain and suffering, expenses for care and treatment incident to the injuries resulting in her demise, the reasonable funeral expenses for her burial, the loss of the monetary value to Mrs. Troy's estate due to her untimely death, and the loss of her services, protection, care and assistance, society, companionship, love, comfort, guidance, kindly offices, and advice to the family members statutorily entitled to receive the damages recovered.

**WHEREFORE**, the Plaintiff prays for a trial by jury and that he have and recover of the Defendants, jointly and severally, for the express benefit of the survivors of Darlene Maybanks Troy as follows:

1. That sum in excess of Ten Thousand Dollars ($10,000.00) which will fully compensate the heirs of Darlene Maybanks Troy for the injuries, damages, and death of Darlene Maybanks Troy;

2. The costs of this action; and,

3. Such other and further relief as to the Court seems just and proper.

This the 22 day of October, 2014.

THE YOUNG LAW FIRM, PC

By: _____
Roger L. Young
N.C. State Bar No. 13860
Attorney for the Plaintiff
1015 Ashes Drive, Suite 201
Wilmington, North Carolina 28405
Telephone: 910-256-3001